IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-170-BO

| | |
|---|---|
| LESLIE COHEN, THOMAS COHEN )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>NORCOLD, INC., THETFORD )<br>CORPORATION, THE DYSON- )<br>KISSNER-MORAN CORPORATION, )<br>CAMPING WORLD, INC., D/B/A )<br>HOLIDAY KAMPER, and DOES 1 TO 50, )<br>INCLUSIVE, )<br>Defendants. ) | O R D E R |

This cause comes before the Court on motions to dismiss filed by defendants CWI, Inc. and Holiday Kamper Company of Columbia, dba Camping World RV Sales. Plaintiffs have responded, the moving defendants have replied, and the matters are ripe for ruling.

## BACKGROUND

Plaintiffs filed this action in Johnston County, North Carolina Superior Court. Plaintiffs' complaint arises out of a fire in plaintiffs' 2011 Keystone Montana recreational vehicle (RV) allegedly caused by a defective refrigerator manufactured by defendants Norcold, Thetford, and Dyson-Kissner-Moran (the Norcold defendants). The action was removed by the Norcold defendants on the basis of this Court's diversity jurisdiction. On September 11, 2020, plaintiffs filed an amended complaint naming the Norcold defendants, Camping World, Inc.; CWI, Inc.; and Holiday Kamper Company of Columbia, LLC (Holiday Kamper) as defendants. Plaintiffs allege a claim of negligence against all defendants as well as claims for negligence/post-sale duty to warn, negligence per se, negligence/post-sale duty to conduct adequate recall/retrofit, and fraud by concealment against the Norcold defendants. [DE 34].

Plaintiffs are citizens and residents of Johnston County, North Carolina. CWI is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Bowling Green, Kentucky. Holiday Kamper is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business in Lincolnshire, Illinois. CWI operates a nationwide chain of retail stores selling recreational vehicle parts, supplies, accessories, and other outdoors merchandise. Holiday Kamper operates a chain of RV dealerships and service centers in North and South Carolina.

In December 2010, approximately three and a half years prior to plaintiffs' purchase of the 2011 Keystone Montana RV, a Holiday Kamper dealership located in Myrtle Beach, South Carolina, doing business as Camping World RV Sales, performed service work on the refrigerator of the RV, including work done pursuant to an October 2010 product recall initiated by the Norcold defendants. Plaintiffs subsequently purchased their RV in July 2014 from a third-party seller. On March 17, 2017, while plaintiffs were living in their RV on property they owned in Johnston County, North Carolina, they noticed the refrigerator was not cooling properly. Plaintiffs contacted a Norcold representative who, after noting that the refrigerator was subject to recall but that the retrofit had been performed by a prior owner, provided plaintiffs with the name of someone to inspect the refrigerator. Plaintiffs received no instructions as to what to do while awaiting the inspection. On March 18, 2017, plaintiff Leslie Cohen noticed smoke coming from the refrigerator vents on the outside of the RV. She attempted to put the fire out with a fire extinguisher but the fire kept reigniting. The local fire department responded but by the time they arrived the inside of the RV was fully engulfed in flames. The RV and its contents were substantially destroyed by the fire.

## DISCUSSION

CWI and Holiday Kamper have moved under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which authorizes dismissal for lack of personal jurisdiction. Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Defendant Holiday Kamper has also moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes dismissal for the failure to state a claim upon which relief can be granted. When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

I. Personal Jurisdiction

At the outset, the Court in its discretion declines to permit jurisdictional discovery or hold an evidentiary hearing. The Court will resolve the motions on the basis of the briefing and

3

the affidavits submitted by the parties, and thus plaintiffs must make a *prima facie* showing. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). "However, a threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *New Wellington Fin. Corp*, 416 F.3d at 294 n.5 (4th Cir. 2005) (quoting *Production Group Int'l v. Goldman,* 337 F.Supp.2d 788, 793 n. 2 (E.D.Va.2004) (internal quotation and alteration omitted).

"A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). The North Carolina long-arm statute "permits the exercise of personal jurisdiction to the outer limits allowable under federal due process," so the determinative question is whether a plaintiff has made a showing that a defendant "had sufficient contacts with North Carolina to satisfy constitutional due process." *Id.* at 558–59.

Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it]

4

essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The paradigm bases for general jurisdiction are the place of incorporation and the principal place of business. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" may a corporation be deemed at home and subject to general jurisdiction in any other state. *Id.* at 139 n.19.

An inquiry into specific jurisdiction requires courts to examine "the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (internal quotations omitted). To determine specific jurisdiction, courts look at "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotations omitted).

A.   Defendant CWI

The Court does not have general jurisdiction over defendant CWI. CWI's place of incorporation and principal place of business are in Kentucky, not North Carolina. A corporation is not subject to general jurisdiction in every state in which it engages in substantial, continuous business; rather its "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 139. Plaintiff has failed to cite any controlling precedent which would show that CWI's designation of an agent for service in North Carolina amounts to consent to general jurisdiction. *Cf. Ratliff v. Cooper Lab'ys, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971).

The Court further determines that plaintiffs have not demonstrated that the Court has specific jurisdiction over CWI. Specifically, plaintiffs' claims do not arise out of CWI's contacts

5

with North Carolina. Although CWI maintains stores in North Carolina, the alleged faulty replacement of the recalled refrigerator part was performed by defendant Holiday Kamper in South Carolina. CWI has demonstrated through its affidavit of its Senior Vice President – Retail Operations that Holiday Kamper is not owned or operated in any manner by CWI. [DE 54-1] Wright Aff. ¶ 10.

Plaintiffs' arguments that CWI locations are "company stores" does not change the outcome. Even viewing the allegations in the complaint in the light most favorable to plaintiffs, plaintiffs have failed to make a *prima facie* showing that Holiday Kamper is an alter ego of CWI such that their separate identities may be disregarded for purposes of specific jurisdiction. *Krausz Indus. Ltd. v. Smith-Blair, Inc.*, 188 F. Supp. 3d 545, 556 (E.D.N.C. 2016). Plaintiffs do not allege, nor does their declaration establish, that CWI exercises complete control over Holiday Kamper such that Holiday Kamper had "no separate mind, will or existence of its own". *Id.* (quoting *Glen v. Wagner*, 313 N.C. 450, 455 (1985)). Accordingly, the Court determines that it lacks personal jurisdiction over defendant CWI.

B. Defendant Holiday Kamper

Holiday Kamper is organized under the laws of the State of Minnesota and has a principal place of business in Lincolnshire, Illinois. Holiday Kamper also operates a chain of RV dealerships and service centers in North and South Carolina, with six locations in North Carolina and four locations in South Carolina.

This record does not contain facts or allegations which would show that Holiday Kamper's contacts with North Carolina are so continuous and systematic that it can be said to be at home in this state. Accordingly, the Court determines that it lacks general jurisdiction over Holiday Kamper.

6

Plaintiffs have, however, made a *prima facie* showing that the Court has specific personal jurisdiction over defendant Holiday Kamper. North Carolina's long-arm statute expressly provides for personal jurisdiction over defendants whose out of state acts cause injury within North Carolina. Specifically, the North Carolina General Statutes provide for personal jurisdiction over a party where there is a local injury by a foreign act

> provided in addition that at or about the time of the injury either:
> a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;
> b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade; or . . ..

N.C. Gen. Stat. § 1-75.4(4). Holiday Kamper operates six stores in North Carolina. Although the refrigerator repair performed by Holiday Kamper allegedly occurred in Myrtle Beach, South Carolina, the alleged defect caused injury within North Carolina and the product serviced by defendant was used or consumed within North Carolina. *Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982). North Carolina's long-arm statute is to be liberally construed, and plaintiffs' allegations satisfy North Carolina's long-arm statute. *Id.* at 1065.

The Court further determines that exercising personal jurisdiction over Holiday Kamper would not offend due process. Holiday Kamper has availed itself of the privilege of doing business in North Carolina by operating six stores. Further, the injuries sustained by plaintiffs "arise out of *or relate*" to the activities of Holiday Kamper in North Carolina. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (emphasis added).

Holiday Kamper contends that any alleged role it had to play in plaintiffs' injuries arises out of its actions in South Carolina, not North Carolina, and thus it should not be expected to be haled into court here. But the specific jurisdiction inquiry does not always "requir[e] proof of

7

causation—*i.e.,* proof that the plaintiff's claim came about because of the defendant's in-state conduct." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). Rather, a claim can also be "related to" the defendant's activities within the state, subject to important limitations. The Supreme Court recently explained as follows. Where an automobile manufacturer or importing "business deliberately extended into Oklahoma (among other States), then Oklahoma's courts could hold the compan[y] accountable for a car's catching fire there—even though the vehicle had been designed and made overseas and sold in New York." *Id.* at 1027.

Here, North Carolina is the home of the plaintiffs who suffered injury and the state where the damage was incurred. By operating six stores in this state, Holiday Kamper plainly "enjoys the benefits and protection of [North Carolina's] laws" *Id.* at 1029 (quoting *International Shoe*, 326 U.S. at 319). The Court concludes it would not offend traditional notions of fair play and substantial justice to permit plaintiffs to maintain their suit against Holiday Kamper. The Court denies Holiday Kamper's motion to dismiss for lack of personal jurisdiction.

II. Failure to state a claim

Holiday Kamper also seeks dismissal by arguing that plaintiffs have failed to plausibly allege a claim of negligence against it. The Court has considered plaintiffs' negligence claim in light of the applicable standard and declines to dismiss the claim against Holiday Kamper at this time.

CONCLUSION

Accordingly, for the foregoing reasons, CWI's motion to dismiss [DE 54] is GRANTED and defendant CWI is DISMISSED from this action. Holiday Kamper Company of Columbia's motion to dismiss [DE 56] is DENIED.

8

SO ORDERED, this 3 day of September, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9