THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-000170-BO

LESLIE COHEN, THOMAS COHEN, )
)
         Plaintiffs, )
)
v. )
)
NORCOLD, INC., THETFORD )
CORPORATION, THE DYSON-KISSNER- )
MORAN CORPORATION, HOLIDAY )
KAMPER COMPANY OF COLUMBIA, )
LLC, dba CAMPING WORLD RV SALES, )
and DOES 1 to 50, INCLUSIVE, )
)
         Defendants. )

## PROTECTIVE ORDER

The Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26 for the purpose of facilitating document disclosure and production in this litigation. Unless modified by the Court, this Order shall remain in effect at all times during this litigation and following the conclusion of this litigation.

In support of this order, the Court finds that:

1.     Documents containing confidential, proprietary, or sensitive business information and/or trade secrets that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation, including but not limited to pursuant to the Court's Order dated December 1, 2022;

2.     Dissemination and disclosure of said documents and the information therein outside of this litigation could severely and irreparably injure or damage the party disclosing or producing same and could place that party at a competitive disadvantage; and

1

3.     To appropriately protect the interests of the parties and also facilitate the progress of discovery in this litigation, good cause exists to issue the following Order.

**IT IS THEREFORE ORDERED THAT:**

**1.     Confidential Information.** For the purposes of this Order, the term "Confidential Information" means any and all information concerning or derived from the parties that constitutes confidential research, development or commercial information, proprietary information, trade secrets, sensitive business documents or information, information implicating privacy interests, and any other information deemed to be confidential under governing law, including all documents containing Confidential Information.

**2.     Scope.** This Order shall govern the use and disclosure of information, documents, communications, electronic data, and other materials produced in discovery in this lawsuit (herein referred to collectively as "discovery") that are designated as Confidential as set forth herein. The term "document" as used herein shall mean all written, recorded, or graphic material, whether produced or disclosed by the parties pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, declarations, briefs, and other papers filed in this action that quote, summarize, or contain Confidential Information shall be protected as such under this Order.

**3.     Designation of Confidential Information.** To designate and categorize discovery as "Confidential" and subject to the protections of this Protective Order, the producing party shall stamp "CONFIDENTIAL" on each page of such discovery. Except as otherwise indicated below, all documents and discovery designated as "Confidential Information" that are disclosed or produced to the other parties to this litigation are entitled to confidential treatment pursuant to the terms of this Protective Order. If only a portion or portions of the material on a page qualifies for

protection, the producing party shall identify the protected portion(s). This labeling shall bring such discovery and documents under the protections of this Order. Data produced that has not been reduced to paper form may be designated confidential by labeling the media containing such information with the appropriate designations. If possible (as dictated by the media), any such designation may also be included in the metadata for each electronic document or another discrete piece of electronic information. To the extent the media is so labeled, the information contained in/on that media shall be considered to bear that designation.

4. **Reasonable Care in Designating Confidential Information.** The parties shall use reasonable care when designating discovery as confidential pursuant to this Order. To the extent practical, a producing party should designate as confidential only those parts of discovery that qualify for protection so other portions of discovery for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5. **Non-Disclosure.** Except with the prior written consent of the party designating any discovery as confidential, or as otherwise specifically provided under this Order, no discovery that is designated confidential may be disclosed, shown, disseminated, copied, or communicated in any way to any person or entity for any purpose whatsoever.

6. **Permissible Disclosure.** Discovery designated confidential pursuant to this Order may be disclosed only to the following persons ("Qualified Persons"):

(a)  attorneys from any law firm representing any named party to this lawsuit and in-house counsel for any named party to this lawsuit, as well as secretarial, clerical and legal assistants working under the supervision of the aforementioned attorneys;

3

(b) outside contractors hired by any of the persons designated above to copy, index, sort, or otherwise manage the storage and retrieval of discovery, provided such outside contractors have signed the form attached hereto as Exhibit A prior to receipt of any Confidential Information;

(c) outside consultants and experts to the extent that the disclosure is in good faith and necessary and provided that such consultants and experts have signed the form attached hereto as Exhibit A prior to receipt of any Confidential Information; provided, however, that this form need not be served on opposing counsel if the individual to whom such Confidential Information is disclosed is a consulting expert who has not been designated as a testifying expert witness in this lawsuit; if disclosure is made to such a person, counsel must notify all parties to this litigation that disclosure of Confidential Information has been made to a consulting expert and that counsel has obtained the form required above to be served upon the other parties only at such time as such person is designated as a testifying expert in this lawsuit;

(d) any other person during the course of depositions in this lawsuit or oral or written examinations, provided that any such person was, at the time the document containing Confidential Information was prepared, a director, officer, or employee of the producing party, except that any such document or information shall not be left in the possession of the deponent;

(e) court reporters and videographers who record and/or transcribe deposition or other testimony in this lawsuit;

(f) third-party mediators selected by the parties provided such mediators have agreed to keep any documents or other information to which they have access confidential; and

(g) the Court and its staff.

Before disclosing Confidential Information to any person listed in subparagraphs (c) and (d) who is a competitor (or an employee, agent, or representative of a competitor) of the party that

so designated the discovery, the party wishing to make such disclosure shall give at least five (5) days' advance notice in writing to counsel of record for the party who designated such Confidential Information, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Confidential Information (including Bates ranges of documents) to be disclosed, and stating the purposes of such disclosure. If, within the five-day period, a motion is filed objecting to the proposed disclosure, then disclosure is not permissible until and unless the Court has denied such motion.

7. **Use of Information Designated Confidential.**

(a) Any persons who have properly obtained possession of Confidential Information pursuant to this Order shall use such Confidential Information only for preparation and trial of this litigation (including any appeals and retrials), and shall not use such Confidential Information for any other purpose whatsoever, including but not limited to business, governmental, commercial, administrative, or judicial proceedings. Any person having possession of Confidential Information shall maintain such in a manner that limits access to the Confidential Information to only Qualified Persons permitted access under this Order. Any party receiving Confidential Information shall not sell, offer for sale, advertise, or publicize any of the Confidential Information.

(b) If any documents, discovery, testimony, or other materials designated pursuant to this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, then the party seeking to file such material must fully comply with this Court's Local Civil Rule 79.2 for filing such Confidential Information under seal. The filing of any pleadings, motions, exhibits, or other papers attaching or disclosing Confidential Information does not waive the protected status of the Confidential Information or any documents containing

5

same. Nothing in this Order prohibits a party from challenging the filing of any Confidential Information under seal.

### 8. Confidential Information in Depositions.

(a) During a deposition, the witness may be shown and examined about documents that have been designated as Confidential Information if all provisions of paragraph 6 are complied with. Witnesses shall not retain or copy portions of the transcripts of their depositions that contain Confidential Information not provided by them or the entities they represent or with whom they are employed unless they sign the form in Exhibit A hereto. A witness who is not a party or a representative of a party shall be furnished a copy of this Order prior to being examined about, or asked to produce, potentially confidential documents.

(b) Should a question asked during a deposition be reasonably calculated to reveal Confidential Information, the witness shall nevertheless answer the question fully; however, prior to answering, all present shall be advised of and shall agree to the terms and conditions of this Order and, at the request of the producing party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order shall leave the room while the Confidential Information is disclosed.

(c) To the extent that Confidential Information is used in depositions, at hearings, or at trial, such Confidential Information shall remain subject to the provisions of this Order, along with all transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Information contained therein.

(d) Parties may, at the deposition or within thirty (30) days after receiving a deposition transcript, designate the deposition transcript or pages of the transcript (and exhibits thereto) as confidential. Pending expiration of the 30-day period, all deposition transcripts shall be treated as

6

confidential. If a deposition transcript or portion thereof is timely designated as confidential after the designating party's receipt of the transcript, then all counsel receiving such notice shall be responsible for marking all copies of the designated transcript or portion thereof in their possession as directed by the designating party. When testimony is designated confidential at a deposition, the designating party may exclude from the deposition all persons who are not Qualified Persons under paragraph 6 of this Order. A party may mark as a deposition exhibit a Confidential stamped document, provided that the witness is a Qualified Person to whom Confidential Information may be disclosed under paragraph 6 of this Order and both the exhibit and related transcript pages are designated confidential and treated as Confidential Information under this Order.

9. **Inadvertent Failure to Designate.** In the event a party discovers that discovery has been inadvertently produced without the appropriate Confidential Information designation as required by this Order, the producing party may thereafter notify the party receiving such discovery and require the receiving party to retrieve and return any unmarked material (or destroy same) and to substitute therefore appropriately-marked material, provided (i) the producing party has initially taken reasonable measures to identify and designate the subject material, and (ii) the producing party notifies the receiving party promptly after learning of such inadvertent failure to designate. Upon receipt of such written notification from the producing party, the receiving party shall not thereafter use or disclose any such material or any of the information contained therein except as provided for in this Order. A party's inadvertent or unintentional production or disclosure of documents containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

**10. Inadvertent Production to Third Party.** In the event an inadvertent disclosure of Confidential Information to a third party should occur, the party making the inadvertent disclosure shall upon learning of it:

(a) promptly notify the third party to whom the disclosure was inadvertently made that it contains Confidential Information subject to this Order;

(b) promptly make all reasonable efforts to recover the Confidential Information and preclude further dissemination or use by the third party to whom disclosure was made; and

(c) within three (3) days, notify the producing party of the identity of the third party to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to recover the Confidential Information and insure against the further dissemination or use of the Confidential Information.

**11. Use of Confidential Information at Trial.** Subject to applicable rules of evidence, Confidential Information may be offered in evidence at trial or at any court hearing, provided the proponent of the evidence gives at least ten (10) days' advance written notice to counsel for any party that designated the information as confidential. Any party may move the Court for an order that the Confidential Information be received *in camera* or under other conditions to prevent its unnecessary disclosure.

**12. Subpoena by Other Courts or Agencies.** If another court or an administrative agency issues a subpoena or orders the production of Confidential Information a party has obtained in this litigation under the terms of this Order, such party shall promptly notify the party or other person who designated the material as confidential of the pendency of such subpoena or order.

**13. Challenge to Confidential Designation.** Any party who objects to any designation of confidentiality may prior to expiration of the discovery period provide a written notice to the

party who made the confidential designation identifying with particularity the documents or materials at issue and stating with particularity the grounds for the objection. All documents and materials objected to will continue to be treated as Confidential Information pending resolution of the dispute. The parties shall thereafter meet and confer regarding the dispute. If the parties are unable to agree whether a confidential designation of documents or information is appropriate, then the party challenging the confidential designation may apply to the Court for a ruling that a document designated as confidential is not entitled to such status and protection. The challenging party may not assert a blanket challenge to the confidential designation on all discovery or other documents designated as confidential; rather, the challenging party must identify with particularity the specific discovery or document(s) to which the designation is being challenged. The challenging party shall certify to the Court that the parties were unable to reach an agreement as to the confidential nature of the specified discovery. The party or other person that designated the discovery as confidential shall be given proper notice of the application and an opportunity to respond. This paragraph is not intended to shift the burden of proving the discovery designated as confidential is entitled to such protection. All discovery designated as confidential shall retain its protected status as Confidential Information pursuant to the terms of this Order unless and until the parties formally agree in writing to the contrary or a contrary determination is made by the Court whether all or a portion of any discovery designated as confidential is entitled to confidential treatment.

14. **Client Communication.** Nothing in this Order shall prevent or otherwise restrict counsel for a party in this litigation from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information; provided however, that in rendering

such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures specified herein.

**15.** **Responsibility of Attorneys.** The attorneys of record in this lawsuit are responsible for employing reasonable measures, consistent with this Order, to control the duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any stamped confidential document except working copies and for filing with the Court under seal.

**16.** **No Waiver.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. The review of Confidential Information by counsel, experts, or consultants for the parties in this litigation shall not waive the confidentiality and protected status of the Confidential Information or objections to production of Confidential Information. Nothing in this Order and no action taken pursuant to it shall waive or prejudice the right of any party to contest the relevancy, discoverability, or admissibility of the Confidential Information sought.

**17.** **Inadvertent Production of Privileged Information.** Nothing in this Order shall require disclosure of information that is protected by the attorney-client privilege or work-product doctrine, and any inadvertent production of such information or material shall not operate as a waiver. If a producing party becomes aware it has inadvertently produced information protected by the attorney-client privilege or work-product doctrine, the producing party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three (3) days. Any notes or summaries referring or relating to any such inadvertently-produced material subject to a claim of privilege shall be destroyed forthwith. If a receiving party becomes aware it is in receipt of information or materials which it knows or reasonably should know is privileged,

counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the producing party of such information or materials, (iii) collect and return all copies of such information or materials to the producing party, and (iv) comport themselves pursuant to the applicable rules of professional conduct.

18. **Procedures Upon Conclusion of this Litigation.** The terms and obligations set forth in this Order shall survive and continue to apply following the conclusion of this litigation. This Court shall retain continuing jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following conclusion of this litigation. Within ten (10) days of the conclusion of this litigation by dismissal, judgment, or settlement, counsel for the parties receiving Confidential Information shall return all Confidential Information to counsel for the parties that disclosed or produced the Confidential Information. Alternatively, at the election of counsel for the party disclosing or producing Confidential Information, counsel for parties receiving Confidential Information shall destroy all Confidential Information received and also provide a sworn verification to the producing party's counsel that all such Confidential Information has been destroyed.

19. **Modification.** This Order may be modified only by further order of the Court.

20. **Persons Bound by this Order.** This Order shall be binding upon the parties to this litigation and their attorneys, experts, consultants, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, subsidiaries, parent companies, divisions, and other persons or entities over which they have control.

ORDERED this __23rd__ day of __January__, 20__23__.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

11

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-000170-BO

| | |
|---|---|
| LESLIE COHEN, THOMAS COHEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER EXHIBIT A** |
| ) | |
| NORCOLD, INC., THETFORD ) | |
| CORPORATION, THE DYSON-KISSNER- ) | |
| MORAN CORPORATION, HOLIDAY ) | |
| KAMPER COMPANY OF COLUMBIA, ) | |
| LLC, dba CAMPING WORLD RV SALES, ) | |
| and DOES 1 to 50, INCLUSIVE, ) | |
| ) | |
| Defendants. ) | |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action (herein, the "Protective Order"), and understand its terms.

2. I agree to be bound by the terms of the Protective Order and further agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina solely for the purpose of enforcing the terms of the Protective Order, and I freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

5. I make this certification this ____ day of _____, 20___.

_____
SIGNATURE

12